85 215
88 445

TEWKSBURY DODGE *vs.* BOSTON MARINE INSURANCE COMPANY.

Waldo.　Opinion December 19, 1892.

*Shipping. Insurance. Warranty. Premium.*

There is an implied warranty of the shipowner to an insurer of the vessel, that she was seaworthy at the inception of the voyage. If not seaworthy, the insurance does not attach, and the premium paid therefor may be recovered back, as money paid without consideration.

ON REPORT.

The case appears in the opinion.

*J. Williamson and Son*, for plaintiff.

*C. P. Stetson*, for defendant.

HASKELL, J. Assumpsit upon a policy of marine insurance, covering the freight of schooner Lyra, on a voyage from Bangor to Boston.

We have said in *Hutchings* v. *Ford*, 82 Maine, 370 : "There was an implied warranty on the part of the owners that the brig was seaworthy at the inception of the voyage, that is, tight, staunch, strong, properly manned and provisioned, and suitably equipped for the voyage. This implied warranty was a condition precedent to any liability of the insurer, although the burden was upon the defendant to establish its breach, since seaworthiness of the brig at the inception of the risk is presumed. The presumption of seaworthiness at the inception of a risk under a marine policy may be rebutted, either by direct evidence of the ship's actual condition, or by proof of facts from which unseaworthiness may fairly be inferred ; and when the latter is shown, the insurance is destroyed, for the policy does not attach, and the premium would be without consideration, and may be recovered back. *Taylor* v. *Lowell*, 3 Mass. 347 ; *Paddock* v. *Franklin Ins. Co.* 11 Pick. 226 ; *Swift* v. *Union Mutual Marine Ins Co.* 122 Mass. 573. These doctrines are applicable to this case.

The Lyra, loaded with lumber, was towed down river and lay at anchor over night. In the morning, she made sail, and when barely in the bay, sprang a leak without any apparent cause, there being no "stress of weather." Having a fair wind, she made Belfast water-logged and unseaworthy. A survey was called, her cargo discharged and re-shipped, and she was condemned, stripped and torn up as useless. She was fifty years old, had met with disaster two months previous, was weak and substantially worn out.

The evidence rebuts the presumption of seaworthiness, and clearly shows that the vessel must have been unseaworthy at the inception of the voyage. The insurance, therefore, never attached. The premium, however, may be recovered back under the money count.

*Judgment for plaintiff for the premium only.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and WHITEHOUSE, JJ., concurred.